## HOOKER LEAVITT *versus* JOHN TRUAIR.

Where a person, while the statutes of 1811, *c.* 6, and 1823, *c.* 106, were in force, joined a religious society and obtained a certificate thereof from the clerk of the society, but did not file it with the clerk of the religious society of which he was previously a member, it was *held*, that although he continued liable to taxation by this latter society, he nevertheless belonged to and was a member of the society which he had thus joined ; so that he might lawfully be married by the minister of such society.

THIS case was argued in writing, by *R. E. Newcomb* and *H. G. Newcomb* for the plaintiff, and by *Forbes* for the defendant. The opinion of the Court was drawn up by

SHAW C. J. This is an action of debt, for a penalty o. £ 50, alleged to have been forfeited by the defendant for having married Charles N. Field and Ann Newhall, contrary to the provisions of the marriage act of 1786, which provides that if any justice of the peace or minister shall, otherwise than is expressly allowed and authorized by this act, join any persons in marriage, they shall severally forfeit and pay the sum of fifty pounds. *Stat.* 1786, *c.* 3, § 5.

The first section gives this authority to every stated and ordained minister of the gospel in the town, district, parish or plantation where he resides.

By the additional act (*Stat.* 1820, *c.* 55, § 1,)* the authority was extended, and every stated and ordained minister is authorized to solemnize marriages when one or both of the persons to be married, belong to the parish or congregation of such minister, although such person or persons shall reside without the limits of such town, parish or district, and such marriages may be solemnized, either within the town &c. where such minister resides, or wherein such person or persons may reside.

The defendant contends, that under this last statute he is completely justified ; that he was a stated and ordained minister over a society in Westhampton, that one of the persons to be married, to wit, the bridegroom, had become a member of, and at the time belonged to his society, and that the marriage was solemnized in the town where one of the parties resided, namely Conway, the place of Field's residence. It is conceded by the plaintiff, that if Field belonged to the defendant's society, within the meaning of the statute, all these consequences follow, and he has no case.

It appears by the facts agreed, that the religious society in Westhampton, of which the defendant was the minister, was organized pursuant to the statute of 1811, *c.* 6, commonly called the religious freedom act, that Field, previously to the marriage, had signed the agreement of association, and taken his certificate of membership, in due form of law, from the clerk thereof, but had not filed this certificate with the clerk of the religious society in Conway, of which he had before been a member, prior to the marriage. In this respect there is no material difference in the mode of proceeding, between the statute cited and the subsequent act, *Stat.* 1823, *c.* 106.†

Both of these statutes seem to presuppose that a religious society may be formed, before it is organized, and that a person shall have joined himself to, and become a member of one religious society, before he can claim exemption

---

\* This statute and *St.* 1786, *c.* 3, (except § 7,) are repealed by *St.* 1834, *c.* 177, § 8.

† Both of these acts have since been repealed by *St.* 1834, *c.* 183, § 9.

from taxation in another. It would seem to follow, as a necessary consequence, that a man may belong to, and for some purposes must be a member of two religious societies at the same time. He must become a member of the new one before he can obtain his certificate ; and he does not cease to be a member of the old, for the purpose of taxation, till he has filed his certificate there, between which two periods there must be some, and may be a long interval of time, during which he belongs to both. So in forming a new society it must be formed of members of existing societies, and till they are organized, and until they have obtained and filed their certificates, they continue liable to taxation in such existing societies, and the same consequence follows.

Then what is it, that constitutes membership, in the act of forming a new religious society, or in joining one already formed ? The answer is, the agreement of the parties. This is of the essence of the relation.

To form an original society several persons must agree to unite ; the society then exists to some purposes, and may be called together and organized under the statute. Under a warrant of a justice of the peace, calling a meeting of such society, all those persons who had thus agreed and associated, would have a right to assemble and act, and no others.

So, if a society is already formed and organized, any person wishing to become a member, must express his wish to do so, or propose himself ; and the society, either by a particular act or vote, or by their by-laws, or terms of association, authorizing the clerk or some other officer, to receive and consent to such application, must accede to the proposal ; in other words, the parties must agree. He is then a member, and the clerk can truly give him a certificate, that he is such member, and this certificate is evidence of the fact.

It is true that he must file this certificate with the society left, in order to secure an exemption from taxation. But suppose he chooses to waive this privilege, and forbear filing his certificate, is the fact less true, expressed by the certificate, that he is already a member of the society joined ? **For**

10 *

myself, I can see nothing incongruous, and nothing inconsist-ent with the provisions of the statute, in a person's belonging to more than one religious society at the same time. The general scope of these statutes looks to this exemption. But it is in general true, that a person may waive a privilege or a benefit.

Supposing a man from honest motives and in good faith, becomes a member of another society, but having a great regard for the society left, wishing not to diminish its re-sources, and feeling himself of sufficient ability, purposely forbears filing his certificate, intending to remain subject to taxation ; will this circumstance throw a shadow of doubt upon the existing fact, that he has joined himself and belongs to another society ? Many other like cases may be supposed ; as where one by holding a pew becomes a member, and he finds it convenient to hold pews in two churches, — where he lives part of the year in one parish, and part in another, and holds pews and pays taxes in both ; in these and similar cases, there seems to be no violation of the sound principles applicable to the subject, in considering the party as a mem ber of more than one religious society.

It appears that Field signed the articles of agreement , which is evidence of his own desire and agreement to become a member ; and the certificate of the clerk, the authorized agent and officer of the society, is evidence of the consent and agreement of the society to receive him as a member. If any further act on their part was necessary, according to their own by-laws or terms of association, to entitle him to the character of membership, this certificate is evidence that it was done, and that he had become a member. We are of opinion, that filing the certificate with the clerk of the society in Conway, was not necessary to give effect to this act of mutual agreement, by which he became a member of the defendant's society, and that after obtaining that certifi-cate, he belonged to the defendant's society, within the meaning of the statute, and that the defendant incurred no penalty, by officiating at his marriage in the town of Con-way. It is not necessary to decide, and we mean to ex-press no opinion upon the point, whether a person who has

become a member of another society by uniting with them and obtaining his certificate, belongs to the society left, for the purposes of the marriage act, or for any purpose other than being liable to taxation ; we decide only, that having become a member of the society, and obtained a certificate, he belongs to that society, so that the minister of it may lawfully marry him, in the same or another town, though he has not filed such certificate with the clerk of the society left.

*Plaintiff nonsuit.*